**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000711**
**24-APR-2013**
**02:36 PM**

NO. CAAP-12-0000711

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TITLE GUARANTY ESCROW SERVICES, INC., a Hawaii corporation,
Plaintiff-Appellee,
v.
WAIALEA RESORT COMPANY, LTD., a Hawaii corporation,
Defendant/Cross-Claim Defendant/Cross-Claim Plaintiff/Appellee,
and
MICHAEL J. SZYMANSKI,
Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Third-Party
Plaintiff/Third-Party Counterclaim-Defendant/Appellant,
and
JOHN DOES 1-50,et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0352(2))

ORDER
(1) DENYING MARCH 12, 2013 MOTION
TO REMAND FOR ENTRY OF JUDGMENT AND
(2) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of (1) Defendant/Cross-Claim Plaintiff/
Cross-Claim Defendant/Third-Party Plaintiff/Third-Party
Counterclaim-Defendant/Appellant Michael J. Szymanski's
(Appellant Szymanski) March 12, 2013 motion to remand for entry
of judgment, (2) the lack of any other party's response to

Appellant Szymanski's March 12, 2013 motion, and (3) the record, it appears that, in this appeal from a circuit court's post-judgment orders relating to the denial of Appellant Szymanski's motion for post-judgment relief pursuant to Rule 60(b) of the Hawai'i Rules of Civil Procedure (HRCP), the subsequent entry of a judgment would have no effect on appellate jurisdiction. Furthermore, it appears that under Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP), Appellant Szymanski's August 10, 2012 notice of appeal is untimely as to the following two post-judgment orders:

(1)     the Honorable Shackley F. Raffetto's January 4, 2012 post-judgment order denying Appellant Szymanski's HRCP Rule 60(b) post-judgment motion for relief from a July 28, 2010 judgment and an April 20, 2005 HRCP Rule 54(b)-certified judgment (hereinafter "the January 4, 2012 post-judgment order"), and

(2)     the Honorable Blaine J. Kobayashi's July 11, 2012 order denying Appellant Szymanski's January 13, 2012 HRCP Rule 59 motion for reconsideration of the January 4, 2012 post-judgment order (hereinafter "the July 11, 2012 post-judgment order denying Appellant Szymanski's January 13, 2012 HRCP Rule 59 motion for reconsideration").

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The rules of court require that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v.

-2-

<u>Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). The circuit court appears to have already resolved all of the parties' claims through three judgments:

> (1) a March 20, 2003 HRCP Rule 54(b)-certified judgment,
>
> (2) an April 20, 2005 HRCP Rule 54(b)-certified judgment, and
>
> (3) a July 28, 2010 judgment on all the remaining claims.

The instant appeal arises out of post-judgment orders that the circuit court entered after the prior entry of the three judgments.

"A post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." <u>Ditto v. McCurdy</u>, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). Although a separate judgment is usually necessary for an appeal from dispositive rulings under HRCP Rule 58 and the holding in <u>Jenkins</u>, "the separate judgment requirement articulated in <u>Jenkins</u> is inapposite in the post-judgment context." <u>Ditto v. McCurdy</u>, 103 Hawai'i at 158, 80 P.3d at 979. Thus, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." <u>Id.</u> at 160, 80 P.3d at 981 (citation omitted). Therefore, the January 4, 2012 post-judgment order is an independently appealable final order under HRS § 641-1(a) that does not require the entry of a separate judgment for the purpose of invoking our appellate jurisdiction. Accordingly, Appellant Szymanski's March 12, 2013 motion to remand for entry of judgment lacks merit.

-3-

Furthermore, Appellant Szymanski's appeal is <u>untimely</u> under HRAP Rule 4(a)(3).  Pursuant to HRAP Rule 4(a)(3),[1] Appellant Szymanski extended the initial thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal from the January 4, 2012 post-judgment order when Appellant Szymanski filed his January 13, 2012 HRCP Rule 59 motion for reconsideration within ten days after entry of the January 4, 2012 post-judgment order, as HRCP Rule 59 required.  However, when a party files a timely tolling motion that extends the time period for filing a notice of appeal pursuant to HRAP Rule 4(a)(3), "[t]he rule provides that the court has 90 days to dispose of [the] post-judgment [tolling] motion . . . , regardless of when the notice of appeal is filed."  <u>Buscher v. Boning</u>, 114 Hawai'i 202, 221, 159 P.3d 814, 833 (2007).  When "the court fail[s] to issue an order on [the movant]'s motion by . . . ninety days after [the movant has] filed the motion, the motion [i]s deemed denied."  <u>County of Hawai'i v. C&J Coupe Family Limited Partnership</u>, 119 Hawai'i 352, 367, 198 P.3d 615, 630 (2008).  The ninetieth day after the filing date of Appellant Szymanski's January 13, 2012 HRCP Rule 59 motion for

---

[1]     Rule 4(a)(3) of the Hawaii Rules of Appellate Procedure (HRAP) provides:

> (3) Time to Appeal Affected by Post-Judgment Motions. <u>If any party files a timely motion</u> for judgment as a matter of law, to amend findings or make additional findings, for a new trial, <u>to reconsider</u>, alter or amend the judgment or order, or for attorney's fees or costs, <u>the time for filing the notice of appeal is extended</u> until 30 days after entry of an order disposing of the motion; <u>provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion</u>.

(Emphases added).

reconsideration was Thursday, April 12, 2012. Therefore, under the holdings in Buscher v. Boning and County of Hawai'i v. C&J Coupe Family Limited Partnership, at the end of the business day on April 12, 2012, Appellant Szymanski's January 13, 2012 HRCP Rule 59 motion for reconsideration was automatically deemed denied pursuant to HRAP Rule 4(a)(3), which, in turn, triggered the thirty-day time period under HRAP Rule 4(a)(3) for filing a timely notice of appeal.

Although the circuit court later entered the July 11, 2012 order denying Appellant Szymanski's January 13, 2012 HRCP Rule 59 motion for reconsideration, the July 11, 2012 order was superfluous, because Appellant Szymanski's January 13, 2012 HRCP Rule 59 motion for reconsideration had already been deemed denied on April 12, 2012.

Appellant Szymanski did not file his August 10, 2012 notice of appeal within thirty days after the April 12, 2012 HRAP Rule 4(a)(3) deemed denial of Appellant Szymanski's January 13, 2012 HRCP Rule 59 motion for reconsideration, as HRAP Rule 4(a)(3) required for a timely appeal. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any

failure to comply with these rules, except the failure to give timely notice of appeal."). Consequently, we lack jurisdiction over this appeal. Accordingly,

IT IS HEREBY ORDERED that Appellant Szymanski's March 12, 2013 motion to remand for entry of judgment is denied.

IT IS FURTHER HEREBY ORDERED that appellate court case number CAAP-12-0000711 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 24, 2013.

Chief Judge

Associate Judge

Associate Judge